IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04cr271

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>) ORDER<br>DAVID L. HOWARD )<br>_____ ) | |

**THIS MATTER** is before the Court on the defendant's motions for discovery pursuant to Brady, to reopen the suppression hearing, and for a Franks hearing. (Doc. No. 198). For the reasons stated below, the motions are DENIED.

1.  Brady Discovery Motion

The defendant requests discovery of information regarding contacts between law enforcement and Jennifer Staton, as well as "any other information regarding the events of June 25, 2004," the date of the challenged search. (Doc. No. 198 at 1). The defendant alleges that the government was aware of Staton's connection to the events at issue because counsel for the government asked a defense witness about her during the suppression hearing on February 2, 2006. The government responds that it was generally aware that Staton was a prostitute in "Little Mexico," the area where the search of the defendant's car took place, but was unaware at the time of the hearing that she had any information favorable to the defense. (Doc. No. 201 at 2 n.1, 8).

Under Brady, the government must disclose information known to be favorable and material to the defense. Monroe v. Angelone, 323 F.3d 286, 299 (4th Cir. 2003). However, Brady did not create a general constitutional right to discovery in a criminal case. Weatherford v. Bursey,

429 U.S. 545, 559 (1977); United States v. Polowichak, 783 F.2d 410, 414 (4th Cir. 1986), and the government is under no obligation to provide information based on the speculation that it may possibly contain or lead to information favorable to the defense, United States v. Agurs, 427 U.S. 97, 110-11 (1976); Polowichak, 783 F.2d at 414.  Thus, the Fourth Circuit found that a defendant was not entitled to discovery of the names of all potential witnesses present at a motel at the time he allegedly gave consent to search.  United States v. Thomas, No. 92-5188, 983 F.2d 1059, 1993 WL 2655, at *3 (4th Cir. Jan. 7, 1993).

Here, the defendant has failed to establish that the government violated Brady because there is no proof that the government knew that any information that she might provide would be favorable to the defense.  Accordingly, the defendant's request for all contacts between Staton and law enforcement and all information about the date of the search is overly broad.  The government is obligated to provide information known to be exculpatory under Brady and this Court's standard discovery order (Doc. No. 17 at ¶ 2), and the defendant's motion for additional discovery is DENIED.

2. Reopening Suppression Hearing

The defendant seeks to reopen the suppression hearing to present testimony of Jennifer Staton and other witnesses to contradict Officer White's testimony. (Doc. No. 198 at 5).  A district court has a strong interest in avoiding piecemeal litigation. United States v. Dickerson, 166 F.3d 667, 679 (4th Cir. 1999), rev'd on other grounds, 530 U.S. 428 (2000).  Thus, the Court has the discretion to refuse to reopen a suppression hearing, particularly where the movant fails to provide a legitimate explanation for its failure to present information in its possession at the time of the original hearing. Id.

Here, the defendant claims the additional witnesses were unknown to him at the time of the hearing. However, the defendant subpoenaed and called Crystal Welsh as his witness. (Doc. No. 190, TR at 76). Prior to the hearing, she had been interviewed by an investigator from the public defender's office. (Doc. No. 190, TR at 88). During her direct examination, Welsh stated that a prostitute from the area was in Officer White's patrol car at the time of the incident. (Doc. No. 190, TR at 76). Although the defendant claims that the name "Jennifer Staton" was unknown to him prior to the hearing, the Court finds that diligent investigation would have led to the discovery of her information. Thomas, No. 92-5188, at *3 (defendant has obligation to conduct investigation to identify potential witnesses). Welsh knew the woman's name was Jennifer and that she worked in Little Mexico. (Doc. No. 196, TR at 76, 99). In 2004, the government had provided the defendant with information about various people arrested in Little Mexico, including Crystal Staton, the woman's mother. (Doc. No. 201 at 5, 8). Therefore, the Court will not reopen the suppression hearing for the presentation of evidence that could have been obtained through reasonable efforts prior to the hearing.

The Court further finds that even taking the proffered evidence in a light most favorable to the defendant the testimony by Jennifer Staton or other witnesses would not alter the Court's credibility decision that was crucial to its denial of the motion to suppress. The defendant seeks to offer additional information to corroborate Crystal Welsh's testimony. (Doc. No. 198 at 3). Welsh described the defendant as her boyfriend. (Doc. No. 196, TR at 90). She repeatedly denied working as a prostitute, but later admitted she had sex for money. (Doc. No. 196, TR at 90-94). She denied ever eating at Bojangles restaurant, but later admitted she had eaten there with the

defendant.[1] (Doc. No. 196, TR at 97). Welsh admitted smoking crack the day before her testimony and smoking crack daily in June 2004. (Doc. No. 196, TR at 96). She demonstrated significant difficulty connecting events to particular dates and admitted the defendant had been physically abusive towards her. (Doc. No. 196, TR at 100). She referred to Officer White as a "jackass. She indicated that she knew "Jennifer" the woman in the back seat of the patrol car and had "beat her ass." After observing Welsh's belligerent demeanor, testimony about her criminal conduct and drug usage and hearing her other responses to questions, the Court found her to be incredible. (Doc. No. 196, TR at 117).

The only issue in the case is consent. (Doc. No. 196, TR at 107). Significantly, Welsh's and Officer White's testimony were consistent on the fact that she did not hear any conversation between Officer White and the defendant when consent was given to search the car. (Doc. No. 196, TR at 17, 55, 86). According to Welsh, Staton was in the backseat of Officer White's patrol car during the encounter (Doc. No. 196, TR at 84), so she would not be able to contradict Officer White's testimony that the defendant consented to the search of the vehicle.[2] Therefore, the Court's decision on the defendant's voluntary consent to search his car would not be affected by the proffered evidence. Accord Thomas, No. 92-5188, at *3 (incredible that distant witnesses could testify about officer's conversation with defendant about consent when closest witness could not).

Even if Staton corroborated Welsh's account that the defendant's vehicle was already

---

[1] Officer White testified he first observed the defendant and Welsh driving near Bojangles.(Doc. No. 196, TR at 9).

[2] The defendant did not testify at the hearing.

parked before the police arrived, that fact would not affect the outcome of the hearing. If Officer White simply approached the parked car to talk to its occupants, no "stop" would have occurred. United States v. Burton, 228 F.3d 524, 527 (4th Cir. 2000). Additionally, Officer White would have had reasonable suspicion to briefly detain the defendant given the area's history for drug trafficking and prostitution, the defendant's sitting in a car with a known drug user and prostitute, and Welsh's suspicious reaction upon being questioned by police. (Doc. No. 196, TR at 5-6, 9, 13, 47-48). The defendant's voluntary consent given during a police-citizen encounter or a Terry stop would not violate the Fourth Amendment.

The only remaining possible relevance of the new evidence would be to establish that Officer White was wrong when he testified that the stop was initiated after he observed the defendant not wearing seat belt, activated his blue lights and pulled into "Little Mexico" behind the defendant. If he's wrong about that, so goes the argument, then he might not be credible on the issue of consent. The Court observed the demeanor of Officer White and heard his testimony. Even assuming the truth of Defendant's proffered evidence, the Court's credibility determination would not be altered.

3. Franks Hearing

The defendant has not alleged any falsity in the affidavit that supported the issuance of a search warrant for his home. Therefore, his request for a Franks hearing is without merit. United States v. Colkley, 899 F.2d 297, 300 (4th Cir.1990) (defendant must make substantial preliminary showing that false statement was included in the affidavit to obtain hearing).

The Clerk is directed to certify copies of this order to all defendants in this case, counsel for the defendants, and to the United States Attorney.

Signed: March 29, 2006

*Robert J. Conrad, Jr.*
Robert J. Conrad, Jr.
United States District Judge