UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-199-RJC
(3:04-cr-271-RJC-2)

| | |
|---|---|
| DAVID L. HOWARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 1), on the Government's Response in Opposition to the Motion to Vacate, (Doc. No. 11).

## I. BACKGROUND

By indictment on October 18, 2004, and then later by superseding indictment on August 23, 2005, the Grand Jury for the Western District of North Carolina indicted Petitioner David Howard, Petitioner's brother Tracy Howard, Petitioner's mother Ila Howard, and others, with conspiracy to commit various offenses against the United States, in violation of 18 U.S.C. § 371 (Count One). See (Criminal Case No. 3:04cr271-RJC, Doc. No. 1 at 2-4: Indictment; Doc. No. 88: Superseding Indictment). These offenses included knowingly persuading and coercing individuals to travel in interstate commerce for the purpose of engaging in prostitution, in violation of 18 U.S.C. § 2422; knowingly transporting minors in interstate commerce for the purpose of prostitution, in violation of 18 U.S.C. § 2423; and using interstate commerce to

distribute the proceeds of unlawful activity and to promote, manage, and facilitate prostitution, in violation of 18 U.S.C. § 1952. (Id., Doc. No. 1 at 3). Next, the Grand Jury charged Petitioner with ten counts of using interstate commerce to distribute the proceeds of and to promote prostitution and aiding and abetting the same, in violation of 18 U.S.C. §§ 1952(a) and 2 (Counts Two through Eleven); and conspiracy to engage in money laundering, in violation 18 U.S.C. § 1956(h) (Count Twelve). (Id., Doc. No. 1 at 4-6). Petitioner was also charged with conspiracy to possess with intent to distribute at least 50 grams of cocaine base and the use of minors, in violation of 21 U.S.C. §§ 841, 846, and 861 (Count Thirteen); two counts of possession with intent to distribute at least five grams of cocaine base and aiding and abetting the same, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Counts Fourteen and Fifteen); using and carrying a firearm during and in relation to a drug trafficking offense and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c) and 2 (Count Sixteen); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Seventeen). (Id., Doc. No. 1 at 6-8).

Beginning April 3, 2006, Petitioner's case was tried before a jury, which found Petitioner guilty on all counts except the firearm offenses, for which he was found not guilty. With respect to the drug conspiracy count, the jury found that more than 50 grams of cocaine base was "reasonably foreseeable" to Petitioner. (Id., Doc. No. 270: Jury Verdict). On January 18, 2007, this Court conducted Petitioner's sentencing hearing. In preparation for the hearing, the probation office completed a Presentence Report ("PSR") in which the Probation Officer concluded that Petitioner laundered funds generated through the sale of crack cocaine, warranting the use of that Guideline and an initial offense level of 36, which was increased by

2

one level because minors were used in furtherance of the drug trafficking and by two additional levels for possession of a firearm in connection with the offense, generating a base offense level of 39. (Id., Doc. No. 516 at 15). To this offense level, the probation officer added two levels to account for Petitioner's conviction of money laundering and three levels for Petitioner's role as a manager or supervisor, resulting in an adjusted offense level of 44 and a total offense level of 43. (Id., Doc. No. 516 at 15-16). In considering Petitioner's objections to the PSR, this Court considered his objection to the role-in-the-offense enhancement and agreed with him that the victims could not be considered co-conspirators, but found that the conspiracy was otherwise extensive and that he was a manager and supervisor of the money laundering operation. After resolving Petitione's objections, this Court sentenced Petitioner to life imprisonment on January 18, 2007. (Id., Doc. No. 351: Judgment).

Petitioner appealed the Court's judgment, challenging both his convictions and sentence. Petitioner appealed his sentence, in part, on the basis that this Court erred by enhancing his offense level by three levels based on Petitioner's role as a "manager or supervisor" of the money laundering conspiracy. Petitioner also argued that his sentence was imposed in violation of the Fifth and Sixth Amendments because the Court imposed his sentence pursuant to a mandatory crack guideline, contrary to the Supreme Court's decision in Kimbrough v. United States, 552 U.S. 85 (2007). On January 29, 2009, the Fourth Circuit affirmed Petitioner's convictions and sentence, except with respect to the three-level, role-in-the-offense enhancement. United States v. Howard, 309 F. App'x 760 (4th Cir. 2009) (unpublished). Concerning that enhancement, the Fourth Circuit found that while Petitioner may have been a supervisor or manager as to the prostitution ring, there was "no evidence that [Petitioner] had any

3

supervisory role in the money laundering scheme, which was organized and carried out for the most part by Ila [Howard]." Id. at 769. Thus, the Fourth Circuit held that this Court erred in applying that enhancement and remanded for re-sentencing without the role-in-the-offense enhancement. Id. at 770.

On August 24, 2009, the probation officer submitted a Supplement to the PSR in preparation for Petitioner's re-sentencing hearing. (Criminal Case No. 3:04cr271-RJC, Doc. No. 457). Petitioner filed objections to the Supplement on September 2, 2009, and two weeks later, on September 16, 2009, the probation officer filed a Revised Supplement to the PSR, incorporating changes based on Petitioner's objections. (Id., Doc. No. 462: Objection; Doc. No. 464). This Court conducted Petitioner's re-sentencing hearing on September 29, 2009, ultimately re-sentencing Petitioner to life imprisonment. (Id., Doc. No. 469: Judgment).

Petitioner appealed the amended judgment, arguing that this Court violated his Sixth Amendment right to a jury trial by enhancing his sentence based on acquitted conduct and that his sentence was substantively unreasonable because this Court declined to vary downward based on the crack-to-powder sentencing disparity. The Fourth Circuit rejected Petitioner's arguments and affirmed this Court's amended judgment. United States v. Howard, 403 F. App'x 858 (4th Cir. 2010). On March 28, 2011, the Supreme Court denied Petitioner's petition for writ of certiorari. Howard v. United States, 131 S. Ct. 1805 (2011).

Petitioner placed his § 2255 motion in the prison mailing system on March 26, 2012, and the motion was stamp-filed in this Court on March 29, 2012. In the motion, Petitioner alleges the following grounds for relief: (1) there was insufficient evidence regarding Petitioner's conviction of Count Twelve conspiracy to launder money in violation of 18 U.S.C. § 1956(h);

(2) this Court improperly instructed the jury on the law on the Count Thirteen drug conspiracy charge; (3) there was insufficient evidence on the Count Thirteen drug conspiracy charge because 21 U.S.C. §§ 841 and 861 are separate offenses; (4) the life sentence imposed was disproportionately harsh and violated the Eighth Amendment prohibition against cruel and unusual punishment; (5) this Court unreasonably sentenced Petitioner based on an incorrect advisory guideline and based on an incorrect criminal history category; and (6) ineffective assistance of counsel based on counsel's failure to move for a severance of the defendants.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If a petitioner's motion survives initial review and once the Government files a Response, the Court must then review the materials submitted by the parties to determine whether an evidentiary hearing is warranted under Rule 8(a) of the Rules Governing Section 2255 Proceedings. After having considered the record in this matter, including the Government's Response, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Petitioner's Grounds One Through Five

Here, Petitioner's Grounds One through Five are new claims that Petitioner did not present in this Court or on direct appeal. Claims that could have been raised on appeal, but were not, may not be asserted for the first time in a collateral proceeding unless the petitioner

5

demonstrates cause excusing his procedural default and actual prejudice resulting from the alleged errors. In United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999), the Fourth Circuit pointed out that "[i]n order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains[,] or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." Id. (citing United States v. Frady, 456 U.S. 152 (1982)); see also Bousley v. United States, 523 U.S. 614, 621 (1998) (failure to challenge a matter on direct appeal, absent certain compelling circumstances, bars collateral review of same).

Petitioner has not argued or shown either cause or prejudice excusing his procedural default, nor do any of these claims present a colorable argument that Petitioner's convictions or sentences amount to a fundamental miscarriage of justice. Because Petitioner has not shown either cause or prejudice to excuse his procedural default, Grounds One through Five shall be dismissed based on procedural default.

**B. Petitioner's Ground Six, Ineffective Assistance of Counsel Based on Counsel's Failure to Request a Severance of His Trial from His Brother's or from Co-Defendant Nicholas Ragin's**

In his final ground for relief, Petitioner contends that defense counsel was ineffective for failure to move to sever Petitioner's trial from that of his brother or another co-defendant Nicholas Ragin. The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish

6

deficient performance by counsel and, second, that the deficient performance prejudiced Petitioner. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

Rule 14 of the Federal Rules of Criminal Procedure provides that "[i]f the joinder of . . . defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may . . . sever the defendants' trials . . . ." FED. R. CRIM. P. 14. However, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). As the Fourth Circuit explained in United States v. Allen, 491 F.3d 178, 189 (4th Cir. 2007), "joint trials play a vital role in the federal criminal system and promote efficiency while avoiding the possibility of inconsistent verdicts." Thus, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."

Zafiro, 506 U.S. at 539.  Joinder is specifically favored in conspiracy cases, United States v. Montgomery, 262 F.3d 233, 244 n.5 (4th Cir. 2001), and "[a] defendant seeking severance pursuant to Rule 14 'has the burden of demonstrating a strong showing of prejudice,'" United States v. Mir, 525 F.3d 351, 357 (4th Cir. 2008) (quoting United States v. Goldman, 750 F.2d 1221, 1225 (4th Cir. 1984)).  It is not enough that a defendant may have a better chance of acquittal in a separate trial or that her defense "conflicts with or is antagonistic to a codefendant's defense."  Allen, 491 F.3d at 189.

Petitioner asserts that his appointed counsel improperly failed to seek a severance of his trial from his co-defendants' trial.  Petitioner has not explained, however, how the joint trial prejudiced him unfairly, nor has Petitioner provided any support for the proposition that this Court would likely have granted his motion to sever his trial.  Indeed, given that Petitioner's offense conduct was inextricably intertwined with the offense conduct of his co-defendants, there is simply no reasonable possibility that this Court would have severed Petitioner's trial, even if counsel had requested this Court to do so well before trial. Petitioner, therefore, has not shown either deficient representation or prejudice, and his claim of ineffective assistance of counsel fails as a matter of law.

**IV.  CONCLUSION**

For the reasons stated herein, the Court will dismiss the § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 motion to vacate, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2.  Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller–El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: March 30, 2015

Robert J. Conrad, Jr.
United States District Judge